THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABE SILVER and ABE ROTH, Appellants.— A number of State troopers and other peace officers went to a house of ill-fame known as Farm Rest in Sullivan county for the purpose of making a " raid." Upon their arrival there they discovered a hold-up in progress. After the arrival of the officers one of the robbers was killed. Six of the men involved were indicted for and convicted of robbery; four in the first degree, one for robbery in the second degree, and the sixth of robbery in the third degree on a plea of guilty. Only the defendants Silver and Roth appeal. Appellant Roth contends that he was not proven to have taken part in the hold-up, although present at the time and place thereof. The appellant Silver contends that he was not identified as taking part in the robbery, or of being present. Both urge that the evidence was too weak to support their convictions, and that hearsay evidence of a prejudicial character was received against them. The presence of Roth at the place of the hold-up was not questioned as he was seen jumping from a window, and was arrested on the premises. He was clearly and repeatedly identified by one of the men who was robbed as personally aiding, while armed, a fellow robber who actually relieved the witness of his watch and money. As to Silver's identity, the evidence was sufficient to justify the jury in finding that he lived in New York under assumed names, that he came from New York by bus the night before the robbery, telephoned the Riverside Palace Hotel to come and convey him as its guest; that on his arrival he asked for Jimmie Mattera, or Frank Mattera, the latter

being one of the men convicted, and the former the convict's brother; that a note was found in the pocket of the robber who was killed which read: " Riverside Palace, Monticello, N. Y. Take taxi and go to hotel. Ask for Jimmie and Frank," and that that was precisely what Silver did; that, according to the hotel register, Silver registered under a false name (as did both the Matteras), took a room with the said Jimmie Mattera and with Julius Goldberg who brought from New York the quantity of revolvers used in the hold-up and who pleaded guilty. At the time of the hold-up a State trooper testified that Silver jumped through a broken window of the Farm Rest; that he observed him in the light of the headlights of the trooper's car; that he saw Silver throw something as he ran, and that he found a loaded pistol a few feet from the point where he saw Silver in the act of " throwing;" that the officer got a " good glimpse of him, not a slight glimpse;" that Silver ran towards the automobile occupied by Wagner, another of the convicts; that the trooper went to the Riverside Palace early in the morning and found Silver in bed, occupying a room with Jimmie Mattera, and the same bed with the convict Goldberg; that the officer pulled the clothes off Silver's bed when he waked him up, and found scratches on Silver's lower legs and found his trousers " roughed-up " from the knee down, while the balance of his suit was well pressed; that Silver told another witness that he came up from New York the night before the robbery with four or five others; that he knew about the affair; and this witness testified that Silver was known in New York by several false names. The appellants complain that evidence was received of hearsay statements of an incriminating character made in the confessions of other convicts, and of accusatory statements made in the presence of Silver. In view of the admitted robbery and the proven guilt of their associates, as well as the direct evidence of guilt against the appellants, and in view of the evidence of time, place and circumstances, with which appellants were shown to be connected, the jury were justified in believing that a conspiracy had existed between the appellants and the other convicts; and while the statements complained of in the confessions were not made before the crime could be said to have come to an end, the guilt of the appellants was transparent. And if the evidence of statements afforded by the confessions of some of the convicts was not admissible, technically, because made too late, nevertheless, it was not of such a character or of such importance as to call for a reversal. The appellant Silver protests that the admission of evidence given by the State trooper who arrested him, immediately after the arrest, constitutes reversible error. As above noted, the trooper found Silver in bed with the convict Goldberg, and in the same room with Jimmie Mattera, the brother of another convict. There is no evidence of what was said by any one in the room, before the evidence complained of, except that the defendants were under arrest. The trooper testified that Goldberg said to him, " ' He had nothing to do with that ' — With what, I said — ' That deal over near Monticello. * * * It must be Silver ' — I said ' Who do you mean?' — He said ' Silver came in about five o'clock and said there had been a shooting;' all I did was to bring the guns." It appears clearly from other testimony in the case that Goldberg was the man who conveyed the guns from New York, and that they were distributed among the defendants on the way to the scene of the robbery. And the statement to the trooper by Goldberg, with reference to the guns, was a mere matter of confessing his own part in the crime. The only other statements of fact made by Goldberg, with reference to the

appellant Silver, were that he came in about five o'clock, and said there had been a shooting. His statement " It must be Silver " was a mere expression of opinion, and that opinion was connected with no particular fact. If suspicions arose from anything that was said in these surroundings, they were suspicions arising from circumstances of the appellant's own making. In any event, and from a view of the entire testimony no substantial rights of the defendants were affected. It does not appear that this conversation accused appellant of anything or connected him with the crime in question. Judgments of conviction unanimously affirmed under the provisions of section 542 of the Code of Criminal Procedure. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.